**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RHIANNON SAWYER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **CATERPILLAR, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW** Plaintiff Rhiannon Sawyer ("Plaintiff" or "Sawyer") and files her Original Complaint and, in support of her causes of action, alleges as follows:

### I.     PARTIES

1.     Plaintiff is a resident of and citizen of the state of Texas.

2.     Plaintiff is female.

3.     Defendant Caterpillar, Inc. ("Caterpillar") is a Delaware corporation with its principal place of business in Irving, Dallas County, Texas.

### II.     JURISDICTION AND VENUE

4.     This action arises under Title VII, 42 USC § 2000e *et seq*.

5.     Venue properly lies in this Court because Caterpillar's principal place of business is in Dallas County, Texas, which is in the District and Division in which suit has been filed.

### III.     COVERAGE

6.     At all times hereinafter mentioned, Caterpillar has been an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## IV. FACTS SUPPORTING PLAINTIFF'S CLAIMS

7. Caterpillar is a manufacturer of construction, mining, and other engineering equipment.

8. Plaintiff began working for Caterpillar in August 2022 as a Production Assistant. At the time, Plaintiff was 19 years of age.

9. Less than a month after Plaintiff's start date, a coworker, Darrell Bates, began making inappropriate sexual advances toward Plaintiff. For example, Bates asked Plaintiff to dinner, to come to his house, and to go for drinks with him.

10. Plaintiff mentioned Bates' behavior to her team lead, Josh Perez-Moreno, but Perez-Moreno ("Perez-Moreno") laughed off Plaintiff's complaint, explaining that Bates was "just joking" and "that's how Darrell is." Perez-Moreno then told Bates about Plaintiff's complaints, making Plaintiff's presence around Bates at work awkward.

11. By October 2022, Bates had obtained Plaintiff's phone number and began texting and calling her late at night and when she was off duty, demanding her address and asking to come over. At the same time, Bates' comments became more explicitly sexual. For example, Bates told Plaintiff that she was "thick," asked her what kind of kisser she is, and stated that he wanted to feel her "soft lips." Bates also took at least one video of Plaintiff's backside. Bates took the video without Plaintiff's prior knowledge or consent.

12. Thereafter, Bates' inappropriate comments continued to escalate. In February 2023, after months of complaints to her immediate supervisor resulting in no action, Plaintiff decided she had no choice but to seek assistance from Caterpillar's Human Resources department. After leaving multiple unreturned messages with Human Resources, Plaintiff finally spoke with Human Resources representative Macie Franke on February 26, 2023. As a result of Plaintiff's

complaint, Defendant suspended Bates while Defendant allegedly performed an investigation. Less than forty-eight hours later, however, Defendant had concluded its "investigation" and Bates returned to work.

13. While Bates' inappropriate conduct improved after his return, Plaintiff found that she was suddenly the target of unnecessary discipline. On March 31, 2023, Plaintiff dozed off for a moment during a meeting. Plaintiff's supervisor, Jake Ducote, told her, "after all the accommodations I've made for you, I feel disrespected" and "I always try to work with you." Plaintiff understood that he was referring to her issues with Bates. Ducote suspended Plaintiff from work.

14. On or about May 1, 2023, a coworker warned Plaintiff that he overheard Ducote tell others that he intended to terminate Plaintiff. The next day, Ducote warned Plaintiff against being loud or stealing anything from the company. Plaintiff had never done anything to warrant such a warning and did not understand why Ducote felt it necessary to issue such a warning. On or about May 10, 2023, Ducote wrote Plaintiff up for leaving her section. Plaintiff was absent for ten minutes to obtain additional painting supplies and use the restroom, both permitted reasons to be away from her section. On June 7, 2024, acting supervisor Doug LNU issued Plaintiff a warning for being late. She had clocked in on time at 7:00 am, but the walk from the check-in area to Plaintiff's station takes three minutes. Doug said nothing to the other employees who also arrived at the same time.

15. The next day, Plaintiff was called in to the Human Resources office and terminated.

## V.  STATEMENT OF CLAIMS

***COUNT ONE: DISCRIMINATION IN VIOLATION OF TITLE VII***

16.     Plaintiff incorporates Paragraphs 1 through 15 hereinabove as if fully set forth herein at length.

17.     42 U.S.C. § 2000e prohibits discrimination against employees based upon their gender, among other things.

18.     Defendant discriminated against Plaintiff based upon her gender.

19.     Bates, Defendant's employee, regularly acted in a sexually inappropriate manner, including making sexual advances, calling Plaintiff at home and after hours, and taking video of her body.

20.     Bates' actions described above constituted unwelcome harassment based upon Plaintiff's membership in a protected group (gender) and was sufficiently pervasive to affect a term, condition, or privilege of employment.

21.     Plaintiff repeatedly complained about this behavior and received no substantive response.

22.     As a result of Defendant's actions, Plaintiff suffered and continues to suffer damages and Plaintiff hereby sues.

23.     Plaintiff further requests her attorneys' fees.

***COUNT TWO: RETALIATION IN VIOLATION OF TITLE VII***

24.     Plaintiff incorporates Paragraphs 1 through 15 hereinabove as if fully set forth herein at length.

25.     42 U.S.C. § 2000e prohibits retaliation against employees who complain about illegal employment discrimination under Title VII.

26. Plaintiff complained to her supervisor and to Defendant's Human Resources department about the unlawful discrimination she suffered.

27. Defendant initially did nothing to correct its employee's offensive behavior. When Defendant ultimately minimal took action, the action only made Plaintiff the target of unlawful retaliation.

28. Defendant retaliated against Plaintiff by issuing unsubstantiated verbal and written warnings and then terminating her employment.

29. As a result of Defendant's actions, Plaintiff suffered and continues to suffer damages and Plaintiff hereby sues.

30. Plaintiff further requests her attorneys' fees.

## VI.   REMEDIES

WHEREFORE, Plaintiff prays that the Court grant her the following relief:

a. Back pay and front pay in a precise amount to be determined by the jury;

b. Compensatory damages against Defendants as a consequence of Defendants' unlawful actions, in a precise amount to be determined by the jury;

c. Punitive and exemplary damages, in a precise amount to be determined by the jury;

d. Prejudgment and post-judgment interest;

e. Reasonable attorneys' fees, expenses and costs, as specifically authorized by statute, to be calculated by the Court pursuant to the established procedures and precedents; and

f. Such other relief as the Court shall deem just and proper.

## VII.   JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues of facts and damages raised in this case.

Respectfully submitted,

Michael E. Coles
State Bar No. 24007025
mikec@colesfirm.com
**THE COLES FIRM PC**
4925 Greenville Ave., Suite 200
Dallas, Texas 75206
(214) 443-7860 (Telephone)
(972) 692-7145 (Facsimile)

Of Counsel:

**THE LAMBERSON LAW FIRM PC**
6333 E. Mockingbird Ln, Suite 147-524
Dallas, Texas 75214
(214) 320-2894 (Telephone)
(214) 602-5796 (Facsimile)

By: _____
Elizabeth Aten Lamberson, Lead Attorney
State Bar No. 24027044
lizl@colesfirm.com

**ATTORNEYS FOR PLAINTIFF**